UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELINDA A. LYLE,<br><br>                        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                        Defendant. | Case No. 3:15-cv-05512-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On April 12, 2012, plaintiff filed an applications for disability insurance, alleging disability as of June 1, 2011. Dkt. 8, Administrative Record (AR) 15. That application was denied on initial administrative review on September 12, 2012, and on reconsideration on December 20, 2012. *Id.* A hearing was held before an administrative law judge on December 9, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. AR 32-64.

ORDER - 1

In a decision dated January 10, 2014, the ALJ determined plaintiff to be not disabled. AR 15-26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 1, 2015, making the ALJ's decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 404.981. On July 24, 2015, plaintiff filed a complaint in this Court seeking judicial review of that decision. Dkt. 1. The administrative record was filed with the Court on October 13, 2015. Dkt. 8. As the parties have completed their briefing, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in rejecting the opinion of Gary Gaffield, D.O.; (2) in discounting plaintiff's credibility; and (3) in failing to resolve an inconsistency between the testimony of the vocational expert and the Dictionary of Occupational Titles (DOT). For the reasons set forth below, the Court agrees that the ALJ erred in rejecting Dr. Gaffield's opinion and in resolving the inconsistency between the vocational expert's testimony and the DOT, and thus in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial

ORDER - 2

evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.  The ALJ's Evaluation of Dr. Gaffield's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

ORDER - 4

those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion evidence from Dr. Gaffield, the ALJ found as follows:

> [I]n August 2012, consultative medical examiner, Dr. Gaffield, opined the claimant could stand or walk 6 hours in an 8-hour workday, sit with no restriction, and lift 20 pounds occasionally and 10 pounds frequently (Ex. 6F). The doctor opined that she could occasionally perform postural and manipulative activities. The doctor found she had environmental restrictions. The opinion is given some weight because the doctor thoroughly examined the claimant, and it is generally consistent with the doctor's clinical findings. Specifically, the doctor found her lumbar spine had full range of motion without spasm or crepitus. The doctor found she had restricted motion of the cervical spine. The doctor found she had positive Tinel's sign bilaterally and some diminished sensation in her fingertips, but intact grip and dexterity and full strength in the upper extremities. The doctor found she had a normal gait, and full strength, range of motion, and sensation in the lower extremities. However, it appears the doctor's one-time perspective was limited. The doctor had some pain clinic records, but not records from other specialists and generalists. The balance of the medial evidence supports the claimant should be restricted to frequent handling and fingering. Otherwise, this opinion is given great weight.

AR 23. Plaintiff argues the ALJ failed to provide valid reasons for rejecting the limitation to only occasional manipulative activities Dr. Gaffield assessed. The Court agrees.

First, the ALJ fails to explain how he determined that Dr. Gaffield's clinical findings were generally consistent with – and thus supportive of – the functional limitations he assessed,

ORDER - 5

but not those, such as the diminished sensation and positive Tinel's sign bilaterally, Dr. Gaffield used to support the limitation to occasional manipulative activities he found. *See* AR 379-81 ("Manipulative activities: Can be performed occasionally limited by her possible carpal tunnel syndrome."). Second, as plaintiff notes, the mere fact that Dr. Gaffield examined plaintiff one-time is not itself a proper basis for discounting his opinion, given that examining medical sources almost by definition only see a claimant once before issuing an opinion, and the Commissioner herself often relies on such one-time evaluations to find claimants not disabled.

Third, again as plaintiff notes, the same limited "one-time perspective" basis for rejecting Dr. Gaffield's manipulative activities limitation would apply equally to the other limitations Dr. Gaffield assessed, but which the ALJ did not reject, since they too were based on this one-time examination. Fourth, the ALJ fails as well to point to the specific "records from other specialists and generalists" he presumably believed did not support Dr. Gaffield's limitations. Indeed, other than the opinion of Charles Wolfe, M.D. – who opined that plaintiff was capable of handling and fingering on a frequent basis also due to "possible [carpal tunnel syndrome]" and "numbness in [her] fingertips" (AR 83) – the record contains no other physician opinion concerning plaintiff's ability to perform manipulative activities.

Dr. Wolfe is a non-examining physician, however, and therefore his opinion does not constitute substantial evidence unless it is consistent with other independent evidence in the record. But the only evidence of possible carpal tunnel syndrome, which again Dr. Wolfe pointed to as the basis for his limitation to frequent handling and fingering, comes from Dr. Gaffield. Accordingly, Dr. Wolfe's opinion does not appear to be supported by independent evidence. For this and the other reasons discussed above, the Court further finds the ALJ's statement that "[t]he balance of the medical evidence supports [a finding that plaintiff] should be restricted to frequent

ORDER - 6

handling and fingering" (AR 23) is unsupported by the weight of the record as well.

II. The Vocational Expert's Testimony at Step Five

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* At step five of the sequential disability evaluation process, the ALJ must show a significant number of jobs exist in the national economy that the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987). The vocational expert's testimony thus must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Embrey*, 849 F.2d at 422 (citations omitted).

At step five, the ALJ found plaintiff to be capable of performing the jobs identified by the vocational expert. AR 25. Plaintiff argues this was error, because when a limitation to occasional handling and fingering was posed to the vocational expert, the vocational expert testified that this would preclude an individual who otherwise had the same age, education, past work experience, and residual functional capacity as plaintiff from performing other jobs. AR 54. The Court agrees that given the ALJ's error in rejecting Dr. Gaffield's limitation to only occasional manipulative activities, it is far from clear that the hypothetical question the ALJ posed and thus the vocational

ORDER - 7

expert's testimony – and therefore the ALJ's step five determination – is supported by substantial evidence. Accordingly, the Court finds the ALJ committed reversible error here.

Plaintiff also argues, and the Court once more agrees, that the ALJ further erred in failing to resolve a conflict between the vocational expert's testimony and the DOT.[2] An ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Before relying on evidence obtained from a vocational expert to support a finding of not disabled, furthermore, the ALJ must "elicit a reasonable explanation for any discrepancy" with the DOT, and explain how the discrepancy was resolved. *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704, at *1, *4.

The hypothetical question the ALJ posed to the vocational expert contained a limitation to no more than occasional overhead reaching. AR 53. But according to the DOT, the three jobs the vocational expert identified as ones that an individual with the same age, education, past work experience, functional limitations as plaintiff could do, all require frequent reaching. AR 18, 25, 54; DOT 706.684-022, 1991 WL 679050; DOT 369.687-018, 1991 WL 673072; DOT 915.473-010, 1991 WL 687865. Defendant argues there is no actual conflict here, because a reasonable person reviewing the jobs the vocational expert identified could have concluded that none of those jobs require overhead reaching.

The Court, however, finds it is not at all clear from the DOT's descriptions of those jobs that no more than occasional overhead reaching is required. *See id.* Defendant also points to the

---

[2] Defendant argues plaintiff failed to preserve this issue on appeal by raising it for the first time before this Court, whereas claimants must "raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Dkt. 11, p. 15 (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)). But as plaintiff points out, she raised this issue in arguments she made to the Appeals Council. AR 276-77. As plaintiff therefore has properly raised it, the Court shall consider it. *See Meanel*, 172 F.3d at 1115 (finding that in failing to provide new statistics plaintiff relied on to argue her insufficient number of jobs issue "at both her hearing before the ALJ *and* the Appeals Council," she failed to preserve that issue for review) (emphasis added).

ORDER - 8

fact that the vocational expert affirmed that his testimony was consistent with the DOT (AR 56), and that a vocational expert's "recognized expertise provides the necessary foundation for his or her testimony" (*Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)). But while it may be that such expertise provides the necessary *foundation* for the vocational expert's testimony, the mere fact of that expertise does not amount to a reasonable *explanation* for the particular conflict or deviation in the testimony itself. As such, here too the ALJ erred.

IV. This Matter Should Be Remanded for Further Administrative Proceedings

A Court may order remand "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). As such, it is only "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to plaintiff's residual functional capacity and her ability to

ORDER - 9

perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 25th day of January, 2016.

Karen L. Strombom
United States Magistrate Judge